FILED

**NOT FOR PUBLICATION**

MAR 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN RAMON ECHEGOYEN, | No. 14-70456 |
| Petitioner, | Agency No. A043-136-795 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Marvin Ramon Echegoyen, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision determining that he was removable

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (2014). We deny in part and grant in part the petition for review, and remand.

To prevail on his claim to derivative U.S. citizenship, Echegoyen was required to prove that "there has been a legal separation of the parents." *See* 8 U.S.C. § 1432(a)(3) (1981). Because Echegoyen has failed to produce any evidence that his parents were married, he has failed to raise a genuine issue of material fact as to his citizenship and, accordingly, we conclude that petitioner has not established his claim of derivative citizenship. *See* 8 U.S.C. § 1252(b)(5)(A) ("If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim."); *Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065 (9th Cir. 2003) (holding that a petitioner did not "enjoy derivative citizenship under . . . [8 U.S.C. § 1432(a)(3)] because his natural parents never married and thus could not *legally* separate" (emphasis in original)).

The BIA's conclusion that Echegoyen is removable for having committed a domestic violence offense was based on documentation of his 2004 battery conviction, his admission that he had been convicted of "a domestic violence,"

and his concession that he was removable. However, the record shows that Echegoyen's 2004 battery conviction was under Nevada Revised Statutes § 200.481, a general battery statute that does not include specific domestic violence offenses. Because Echegoyen's admissions and concessions concerning whether he had been convicted of a domestic violence offense are contradicted by the record, we remand to the agency with instructions to permit Echegoyen to withdraw his pleading as to both grounds of removability. *See Perez-Mejia v. Holder*, 663 F.3d 403, 416-17 (9th Cir. 2011) (this court may set aside an IJ determination that rests on an alien's erroneous concession).

In light of this disposition, we do not reach petitioner's remaining contentions.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED .**